IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV69-03-MU

MARION EDWARD PEARSON, JR., )
)
    Petitioner, )
)
v. ) **O R D E R**
)
RANDALL LEE, Admin., Caledonia )
Correctional Inst., )
)
    Respondent. )
_____)

**THIS MATTER** comes before the Court upon Petitioner's "Motion for Order of Stenographic Transcription, State Court Proceedings" (Document No. 6) and Respondent's response to Petitioner's Motion (Document No. 8.)

Petitioner filed a § 2254 Petition in this Court on February 28, 2006. Petitioner now requests that this Court order the transcription of two hearings that took place during the pendency of his state post-conviction Motion for Appropriate Relief ("MAR"). Petitioner requests transcription of the January 6, 2004 hearing and a hearing held from September 13 through September 16, 2004.

According to Petitioner, the January 6, 2004 hearing concerned issues regarding the withdrawal of his post-conviction counsel, the presiding judge's alleged failure to appoint stand-by counsel, and the State's alleged refusal, at that time, to present arguments supporting its previously filed Motion for Summary Judgment on Petitioner's MAR. Petitioner notes that he was "denied an opportunity for material hearings" and seems to be claiming that there was some impropriety with the way in which the presiding judge handled the January 6, 2004 proceeding.

"Claims of error occurring in a state post conviction proceeding cannot serve as a basis of

1

federal habeas corpus relief." Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); see also Wright v. Angelone, 151 F.3d 151, 159 (4th Cir.) (Concluding that "a challenge to [] state habeas corpus proceedings, cannot provide a basis for federal habeas relief"), cert. denied, 525 U.S. 925 (1998). Moreover, claims of ineffective assistance of counsel during collateral post-conviction proceedings also cannot be a ground for relief in a § 2254 proceeding. Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.)"

The Court notes that none of Petitioner's claim in his 2254 Petition address the propriety of his post conviction proceedings. However, if they did address the propriety of his post conviction proceedings, they would not be cognizable on federal habeas review based on the authorities cited above. Therefore, the content of the hearing held on January 6, 2004 is irrelevant to the disposition of Petitioner's 2254 application and therefore Petitioner's Motion for Transcription of the January 6, 2004 hearing is denied.

Petitioner also requests that the hearing held on September 13 through 16, 2004 which concerned the resolution of the claims raised in his MAR and the States's Motion for Summary Judgment on the MAR, also be transcribed. In response to Petitioner's motion, Respondent stated that the state is already in the process of having the September hearing transcribed and will submit the resulting transcript to the Court with a response to Petitioner's § 2254 petition and will serve Petitioner with a copy as required by the Rules Governing Section 2254 Cases. See Habeas Rule 5; Thompson v. Greene, 427 F.3d 262, 270 (4th Cir. 2005) (concluding that "Habeas Rule 5 requires service of a habeas corpus answer on the habeas petitioner, complete with the answer's exhibits.")

Since the State has already requested that the September hearing be transcribed and will attach the transcript of such hearing to its answer, Petitioner's Motion to Order the State to Transcribe the September 13 - 16, 2004 hearing is denied as moot.

**IT IS HEREBY ORDERED that** Plaintiff's Motion for Order of Stenographic Transcription of the January 6, 2004 hearing is denied and the Motion for Transcription of the September 13 - 16, 2004 hearing is denied as moot.

**SO ORDERED**.

Signed: March 27, 2006

Graham C. Mullen
United States District Judge