IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:06CV69-03-MU

| | |
|---|---|
| MARION EDWARD PEARSON, JR., ) ) Petitioner, ) ) v. ) ) RANDALL LEE, Admin., Caledonia ) Correctional Inst., ) ) Respondent. ) ) | **O R D E R** |

**THIS MATTER** comes before the Court upon Petitioner's "Motion for Leave to Append Unlisted Parties" (Document No. 12) filed April 5, 2006 and on Petitioner's "Petitioner for Leave to Appeal Order Denying State Court Transcripts" (Document No. 13) filed April 6, 2006.

Petitioner filed a § 2254 Petition in this Court on February 28, 2006. In his Petition, Petitioner named Randall Lee, the administrator of the facility where he is being housed, as the Respondent. In the instant motion, Plaintiff requests that "the trustees of the North Carolina State Crime Lab and Morganton Police Department (John Doe 1 and 2)" be added as respondents in his § 2254 action. Section 2243 of Title 28 of the United States Code mandates that, if issued, a federal writ of habeas corpus "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243 (2005). In conformity with that statutory mandate, Rule 2(a) of the Rules Governing Section 2254 Cases specifies that "[i]f the petitioner is currently in custody under a state-court judgment, the petitioner must name as respondent the state officer who has custody." Fed. Habeas R. 2(a) (2005). In fact, failure to name the petitioner's custodian as a respondent deprives federal

1

courts of personal jurisdiction. Belgarde v. Montana, 123 F.3d 1210, 1212 (9th Cir. 1997).

Here, Petitioner appropriately named Randall Lee, the administrator of Caledonia Correctional Institution. The persons Petitioner seeks to add do not have custody over Petitioner and therefore are not proper parties to this federal habeas action. Petitioner's "Motion for Leave to Append Unlisted Parties" (Document No. 12) is DENIED.

Next, Petitioner seeks permission from this Court to appeal this Court's March 28, 2006 Order denying his discovery request. On March 20, 2006, Petitioner filed a motion requesting that this Court order the transcription of two hearings that took place during the pendency of his state post-conviction Motion for Appropriate Relief ("MAR") (Document No. 6.) By Order dated March 28, 2006, this Court denied Petitioner's motion (Document No. 9.) Petitioner now wants to appeal this Court's March 28, 2006 Order and requests that this Court grant him permission to appeal.

This Court is without authority to grant permission to Petitioner to appeal the Order denying his discovery requests. Petitioner is free to file his appeal with the Fourth Circuit Court of Appeals. However, the general rule is that discovery orders are interlocutory and not appealable until a final judgment has been entered in the litigation. Wright & Miller, 8 Federal Practice & Procedure § 2006. Therefore, Petitioner's "Petition for Leave to Appeal Order Denying State Court Transcripts" (Document No. 13) is DENIED.

**IT IS HEREBY ORDERED that** Plaintiff's "Motion for Leave to Append Unlisted Parties" and "Petition for Leave to Appeal Order Denying State Court Transcripts" (Document No. 13) are DENIED.

**SO ORDERED**.

Signed: April 12, 2006

Graham C. Mullen
United States District Judge